# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMY JO KRIENS,<br><br>Defendant. | Case No. CR10-3004<br><br>ORDER FOR PRETRIAL DETENTION |

On the 5th day of February, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by her attorney, John J. Bishop.

## RELEVANT FACTS

On January 28, 2010, Defendant Amy Jo Kriens was charged by Indictment (docket number 1) with conspiracy to distribute 500 grams or more of methamphetamine, after having been previously convicted of a felony drug offense. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on April 5, 2010.

Officer Ryan Eskildsen of the North Central Area Narcotics Task Force testified regarding the circumstances underlying the instant charge. According to Officer Eskildsen, authorities have received information from confidential informants and through proffers that Defendant has been involved in the distribution of methamphetamine since 2001. During a search of Defendant's residence on October 22, 2008, authorities found a scale, police scanner, and other items consistent with drug distribution. On October 29, 2008, authorities executed an arrest warrant for Defendant on a parole violation while she was at a hotel. Defendant refused to open the door for approximately five minutes and

1

authorities could hear the toilet flushing repeatedly. Eventually, it was necessary for authorities to breach the door.

On October 21, 2009 – almost exactly one year after the earlier search – authorities conducted a search of Defendant's residence and found methamphetamine, a scale, and security cameras. At that time, Defendant admitted her involvement in the distribution of methamphetamine. A search of Defendant's cell phone revealed several "drug related text messages." Defendant has been detained in state custody since her arrest on October 21, 2009.

According to the pretrial services report, Defendant is 39 years old and a resident of Dumont, Iowa. Defendant has been married to Robert Kriens since 1992, but her husband is currently serving a 180-month federal prison sentence for drug and firearm offenses. Defendant has three children, ages 23, 20, and 10. Defendant's 20-year-old son is serving a state prison sentence for a drug offense. Defendant's 10-year-old daughter is living with Defendant's parents in Dumont.

Defendant quit high school in the 10th grade and told the pretrial services officer that she is "two classes short" of earning her GED. For approximately the last year, Defendant has been employed on an "as needed" basis for her father's building repair business.

Defendant has been diagnosed with depression and anxiety, and has been prescribed Wellbutrin and another "mood stabilizer" medication. Defendant admitted using methamphetamine since age 18, reporting that "during her periods of heaviest use, she was using methamphetamine on a daily basis and advised that, on average, she used it twice a week." Defendant has undergone substance abuse treatment at Prairie Ridge in Mason City on at least two occasions.

In 1993, Defendant was convicted of possession of methamphetamine and possession of marijuana. A third charge of carrying a concealed weapon was dismissed. In 2002, Defendant was convicted of possession of a controlled substance, second offense, and placed on probation. In January 2003, however, Defendant's probation was modified

to require that she reside at a residential facility. Defendant's probation was discharged in March 2004.

In November 2004, Defendant was arrested and charged with "gathering for use of drugs." Defendant received a five-year suspended prison term in August 2006, but her probation was revoked and she was sent to prison in April 2007. Defendant was paroled in October 2007 – after approximately six months – and discharged in December 2008. (It should be recalled that authorities executed an arrest warrant for parole violation on October 29, 2008, but, according to the pretrial services report, the parole was discharged just more than one month later.)

In March 2009, Defendant was fined on a simple misdemeanor charge of possession of drug paraphernalia. She failed to appear at a contempt hearing in August 2009 and a warrant was issued for her arrest. The contempt charge was dismissed, however, one week later. (Apparently, the contempt allegation was in relation to Defendant's failure to pay the fine.)

Following Defendant's arrest on October 21, 2009, Defendant was charged in state court with possession with intent to deliver methamphetamine, possession of a schedule II controlled substance, and possession of marijuana. Those charges were dismissed on February 3, 2010, however, after Defendant was arrested on the instant federal charges.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the

defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine by a felon, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine, after having been previously convicted of a felony drug offense. The weight of the evidence is strong. During a search of Defendant's home on October 21, 2009, authorities found methamphetamine, a scale, security cameras, and other items consistent with the distribution of methamphetamine. Text messages consistent with drug sales were found on Defendant's cell phone. Defendant admitted her involvement in the distribution of methamphetamine. Defendant has five prior drug-related convictions, including an aggravated misdemeanor possession charge and a felony "gathering" charge. Significantly, Defendant failed to successfully complete her probation on the former charge and was required to reside at a residential facility. Defendant also failed to successfully complete her probation on the latter charge and was sent to prison. Defendant was on probation or parole from August 2006 to December 2008, during the time period alleged in the instant conspiracy charge.

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury

is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 3, 2010) to the filing of this Ruling (February 8, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 8th day of February, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA